UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| ERIK ZACARIAS-CORNELIO, | CIV 19-4009 |
| Petitioner, | |
| -vs- | ORDER |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner, Erik Zacarias-Cornelio ("Zacarias-Cornelio"), is currently incarcerated in the Federal Prison Camp in Big Spring, Texas. He filed a letter which has been construed to be a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Zacarias-Cornelio is currently incarcerated pursuant to a judgment of conviction for conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. *See United States v. Zacarias-Cornelio*, CR 07-40008-02 (D.S.D.). Zacarias-Cornelio asks if he is entitled to 52 days of good time credit for each year he serves rather than only 47 days.

The United States has moved to dismiss Zacarias-Cornelio's motion for failure to state a claim for relief and because this Court does not have subject matter jurisdiction over the motion. (Doc. 6.)

## DISCUSSION

The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("the Act") was signed into law on December 21, 2018. The Act implements certain reforms to the criminal justice system under six separate titles. Relevant here, Title 1 of the First Step Act, at section 102(b), amends 18 U.S.C. § 3624(b) to change the method by which the Bureau of Prison ("BOP") must calculate good conduct time credits. As explained in the government's memorandum in support of its motion to dismiss, doc. 7, the amendment effectively increases the maximum allowable good conduct time from 47 to

54 days per year. Zacarias-Cornelio asks the Court if he is eligible for relief under this amendment. (Doc. 1.)

A post-conviction motion such as this one that attacks the execution of a sentence and not the legality of the sentence must be brought in a petition pursuant to 28 U.S.C. § 2241 in the district where the defendant is incarcerated. *See* 28 U.S.C. §§ 2241, 2255; *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). A § 2241 writ of habeas corpus "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494–95 (1973). Thus, a court may not issue a writ unless it has jurisdiction over the petitioner's custodian. *Id*; *Bell v. United States*, 48 F.3d 1042, 1043–44 (8th Cir. 1995) ("If he chooses to file a 2241 petition, [the federal prisoner] must do so in a court with jurisdiction over his present custodian."). If Zacarias-Cornelio believes that the BOP is not accurately crediting his sentence for good time conduct, he must file a petition in the federal court located in the district in which he is incarcerated. This Court does not have jurisdiction to provide the relief Zacarias-Cornelio is seeking because he is not incarcerated in this district.

Furthermore, only after a prisoner exhausts administrative remedies with the BOP may a prisoner seek judicial review of sentencing credit determinations. *See United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006) ("Prisoners are entitled to administrative review of the computation of their credits, 28 C.F.R. §§ 542.10–542.16, and after properly exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241."). Zacarias-Cornelio has failed to allege or establish that he exhausted his administrative remedies with the BOP.

For these reasons, Zacrias-Cornelio's motion must be denied for lack of jurisdiction. If ultimately the BOP denies Zacrias-Cornelio's request for good conduct time credit, he may file a petition under 28 U.S.C. § 2241 in the proper district. Accordingly,

> **IT IS ORDERED** that Petitioner's Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is denied, and will be dismissed without prejudice.

Dated this 10th day of December, 2019.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK